FILED

FEB 16 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Re YELLOWSTONE MOUNTAIN CLUB, LLC, <br><br> Debtor., <br> _____, <br><br> ROBERT SUMPTER, <br><br> Appellant, <br><br> v. <br><br> YELLOWSTONE MOUNTAIN CLUB, LLC; CEW CH YMC ACQUISITION, LLC, <br><br> Appellees, <br><br> UNITED STATES TRUSTEE, GREAT FALLS, <br><br> Trustee - Appellee.. | No. 10-36066 <br><br> D.C. No. 2:09-cv-00048-SEH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 8, 2012
Seattle, Washington

Before: SCHROEDER, ALARCÓN, and GOULD, Circuit Judges.

Robert Sumpter ("Sumpter") appeals the district court's order affirming a bankruptcy court's ruling in the Chapter 11 bankruptcy proceedings of Yellowstone Mountain Club, LLC and related entities (collectively, "Debtors"). Sumpter challenges the rejection of his resident membership agreement in the Yellowstone Mountain Club, a private ski and golf community in Big Sky, Montana. He contends, under the terms of Debtors' Second Amended Plan of Reorganization (the "Plan"), that Debtors were obligated to assume his agreement.

While it is understandable that Sumpter would like to have his resident membership agreement assumed, the Plan expressly provided that all executory contracts were deemed rejected except those contracts that were: (1) previously assumed by Debtors pursuant to an order of the bankruptcy court; (2) the subject of a motion to assume filed by Debtors; (3) assumed obligations on the Contract Schedule; or (4) assumed obligations listed in the Member Assumption Schedule. Sumpter's membership did not fall into any of these four categories. He was given adequate notice of the rejection of the agreement. The bankruptcy court, therefore, did not violate the Plan's terms when it affirmed Debtors' rejection. *See* 11 U.S.C.

§ 1123(b)(2) (providing that a debtor can assume or reject an executory contract in the bankruptcy plan). That rejection was an appropriate exercise of business judgment because Sumpter's membership agreement was non-standard, in that it relieved him of any obligation to pay dues in addition to other benefits. *See In re Pomona Valley Med. Grp.*, 476 F.3d 665, 670–71 (9th Cir. 2007).

**AFFIRMED**.